A. H. RALEIGH ET AL., APPELLANTS, v. THOMAS HULETT, RESPONDENT

1. EXECUTOR NOT ENTITLED TO SUE.—An executor has no authority to maintain an action in his own name to have a trust declared in favor of a devisee to real estate, claimed as belonging to such devisee.

2. MISJOINDER OF PARTIES—EXECUTOR AND DEVISEE.—An executor cannot be joined with the devisee as co-plaintiff in an action to declare and enforce a trust in favor of such devisee; he has no right to such title or trust, and no interest therein.

Appeal from the Third Judicial District Court.

The facts are sufficiently stated in the opinion of the court.

*Z. Snow*, for appellants.

In an action by two or more plaintiffs, if there is an interest in the subject of the action, even though it be only *scintilla juris* in one of the plaintiffs, as for example, he is a mere trustee, it is sufficient to maintain the suit. Story's Eq. Pl., § 510, and note 1, § 511.

In the case of *Gething* v. *Vigurs*, V. C., in November, 1836, and *Rhodes* v. *Warburton*, 6 Sims, 617, found in Story's Pl., note 1 to § 510, says: Where the legatees of a testator were joined with the executor as plaintiffs in suing for a debt due the estate, the bill was held not demurrable.

The Vice Chancellor said: Legatees cannot file a bill against a debtor to the testator's estate unless there is a collusion between the executor and the debtor.

A. H. Raleigh et al. v. Thomas Hulett.

But if the executor chooses to make the legatees co-plaintiffs with him, I do not think that superfluity renders the record not sustainable.

Persons are brought here who are not necessary parties to the suit. But it is not so injurious as to make the bill not sustainable. It is not an objection that the defendant can make.

An executor, like a guardian, is charged with a duty and a trust. In this case the executor and the devisee have an interest in the specific article demanded. It is the right and duty of the executor to see that the will is carried into execution. *Wood* v. *Wood*, 5 Paige Ch. 596–7, 599–600; Reeves' Domestic Relations, 470.

The executor or administrator of a deceased partner may be joined as a party to a suit where the partnership is concerned.

If a demurrer to a complaint cognizable in a court of equity be filed, alleging a want of parties in interest, and the demurrer be sustained, the sustaining of the demurrer may be accompanied with leave to the plaintiff to amend as he may be advised. Cooper's Eq. Pl. 185; Mitford's Eq. Pl. by Jeremy, 180, 181; 326; *Mitchell* v. *Lenox*, 2 Paige Ch. 280, opinion of the court on 281–2 and note 1; *Robinson* v. *Smith*, 3 Paige Ch. 222, 233.

Should the court differ with us on this part of the case, and hold the interest he had in the land at the time of his death to be personal property only, the result is the same, as there are executory devices in personalty as well as in realty. 2 Redfield on Wills, 653; Redfield cited for his English authorities sustaining this point; *Martin* v. *Long*, 2 Verm. 151; *Johnson* v. *Castle*, 8 Vir. Abb. 104, Pl. 2; *Horne* v. *Parker*, 2 T. R. 376, then said in his note this rule is clearly established in most of the American States and cited 2 Kent Com. 352, 353; *Moffatt* v. *Strong*, 10 Johns. 12; *Westcott* v. *Cady*, 5 Johns. Ch. 334; *Grey* v. *Dodge*, 2 Day, 28; *Faber* v. *Puckwood*, 2 Day, 52; *Scott* v. *Price*, 2 S. & R. 59; *Diehl* v. *King*, 6 S. & R. 29; *Roger* v. *Ross*, 4 Johns. ch. 388; *Kelso* v. *Dickey*, 7

W. & S. 279; *Marston* v. *Carter*, 12 N. H. R. 159; *Richards* v. *Jones*, 4 Ind. 53.

*Robertson & McBride*, for respondents.
No brief on file.

BOREMAN, J., delivered the opinion of the court:

One George A. Jones, on the 13th June, 1867, being in possession of a certain lot of ground in Salt Lake City, the title being then in the General Government, willed all his property real and personal to Sarah Ann Jones and Catharine Jones. Two days thereafter he died, leaving both Sarah Ann and Catherine in actual possession of the lot referred to. The will provided that the property should be enjoyed equally by these two women if they could agree, etc.; but if said Sarah Ann should re-marry, the property was to be enjoyed by said Catherine during her life, and in the event of Catherine's death before that of Sarah Ann, then the whole property was to be enjoyed by Sarah Ann. Said Sarah Ann was married in November, 1867, to Charles Harrop. Afterwards Catherine continued to reside upon and enjoy the use of said land until her death, on 12th October, 1873. On November 11, 1871, the United States issued its patent for the "town site" of Salt Lake City, and on the 26th July, 1872, the respondent filed his petition in the Probate Court for deed to said lot, under the "town site" laws he being then an occupant of the lot. By order of the Probate Court he obtained his deed from the Mayor, January 10, 1873. From the language of the complaint, we gather that Sarah Ann did not occupy the lot after her marriage. The complaint charges that the respondent was in possession only as tenant of Catherine, and obtained the title by frauduently conspiring and confederating with said Catherine to cheat and defraud Sarah Ann Harrop out of her rights.

The complaint prays that the defendant (the respondent) be decreed to hold said lot in trust for the use and benefit of ap-

pellants, and to deed it to Sarah Ann Harrop, and to account for rents and profits.

Respondent demurred to the complaint for misjoinder of parties, and because it did not state facts sufficient to constitute a cause of action.

The appellant, Raleigh, being only executor of the will of George A. Jones, deceased, certainly had no interest in the property, the claim being for title to real estate. The executor has no right to the title. The heir or devisee alone could bring such suit. Sarah Ann was entitled as it was claimed to the property of the deceased, George A. Jones, after the death of Catherine. Jones had no claim upon the lot in question except a possessory one, as the title was in the Government. When Catherine died that possessory claim did not exist; it had already passed away by the title going to the respondent. If the title was obtained by fraud and conspiracy between the respondent and Catherine, it was a fraud on the Government, and not on the appellant, Sarah Ann Harrop. Said Sarah Ann was not in a condition to claim the lot under the town site laws, as she was not an occupant or in any manner in possession, nor had she been ousted of possession, but left the premises of her own accord. Respondent never recognized her as being entitled to the possession, or to any interest in the lot. We cannot, therefore, see what claim the appellants have upon the respondent. If the appellant Sarah Ann Harrop had any equitable interest in the lot she could maintain the suit, but where a party has neither a legal nor an equitable right to the property, there exists no basis for such a suit.

The judgment of the court below is therefore affirmed with costs.

The other judges concurred.